# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARLON BARNES**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**MARRIOTT HOTEL SERVICES LLC**,<br><br>*Defendant.* | Case No. 1:24-cv-5069 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Marriott Hotel Services, LLC ("MHS" or "Defendant") hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the U.S. District Court for the Northern District of Illinois. Removal is proper because this Court has jurisdiction under (i) the Class Action Fairness Act of 2005; and (ii) 28 U.S.C. § 1332(a). In support of removal, MHS states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. §§ 1332(d)(2), 1441, and 1453. This action is therefore removable: (i) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), and 1453(b), because this is a class action in which the size of the proposed class exceeds one hundred members, there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (ii) pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties and the amount in controversy associated with the claims of Plaintiff Marlon Barnes ("Plaintiff") exceeds $75,000.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. § 93(a)(1) ("The Northern District comprises two divisions . . . [and] the Eastern Division comprises the count[y] of Cook"); 28 U.S.C § 1441(a) ("[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.")

## STATE COURT ACTION

3. On May 10, 2024, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, Case No. 2024-CH-04426, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA"). (*See generally* **Exhibit A**, Class Action Compl.)

4. Plaintiff brings this action for "statutory damages" and other relief as a result of MHS's alleged "BIPA violations." (*See, e.g.*, *id.* ¶¶ 3, 29(f).) Plaintiff alleges MHS violated the BIPA by: (1) failing to make publicly available a written retention schedule regarding the purported storage of Plaintiff's biometric data, in violation of Section 15(a) of the BIPA (*see, e.g.*, *id.* ¶¶ 33-37); (2) failing to inform Plaintiff and putative class members in writing that MHS was collecting their biometric data, in violation of Section 15(b) of the BIPA (*see, e.g.*, *id.* ¶¶ 38-45); and (3) "disclos[ing]" Plaintiff's biometric data without consent, in violation of Section 15(d) of the BIPA. (*see, e.g., id* ¶¶ 46-52).

5. Plaintiff requests, on behalf of himself and a putative class, an order: (1) certifying the above-captioned case as a class action; (2) declaring that MHS violated the BIPA; (3) awarding "injunctive and equitable relief" to protect the putative class; (4) awarding "$5,000 in damages per violation" if MHS's alleged conduct was intentional or reckless, or otherwise, at a rate of "$1,000

per violation"; and (5) "[a]warding . . . reasonable attorneys' fees, costs, and other litigation expenses" along with "pre- and post-judgment interest. (*See id.*, pp. 8-9.)

6. On May 20, 2024, Plaintiff served MHS with copies of the Complaint and Summons filed in the state court action. (*See* Ex. A.; **Exhibit B**, Summons and Affidavit of Service.)

7. Other than the Complaint and Summons, Plaintiff's only other action in state court was filing a Motion for Class Certification and Memorandum in Support. (*See* **Exhibit C** Clerk of the Circuit Court of Cook County, Illinois, Case Summary, for Case No. 2024-CH-0248 (June 5, 2024); **Exhibit D**, Plaintiff's Motion for Class Certification and Memorandum in Support.)

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served on MHS in the state court action are attached here. (*See* Exs. A-D.)

## TIMELINESS

9. Removal is timely because MHS filed this Notice within 30 days of service of the Complaint, which occurred on May 20, 2024. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under CAFA because: (1) the putative class includes more than one hundred members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

### Class Size

11. The putative class Plaintiff seeks to represent includes more than one hundred members. Defendant may rely upon Plaintiff's allegations for purposes of removal without conceding their veracity. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the

complaint.").

12. Plaintiff purports to bring suit on behalf of a class that he defines to include: "All individuals identified in Defendant's Biometric System at any time on or after May 10, 2019. (Ex. A, Compl. ¶ 25.) Plaintiff defines "Biometric System" as "Defendant's timekeeping and payroll system." (*Id.* ¶ 11.)

13. Plaintiff alleges that "[u]pon information and belief, the Class contains scores, if not hundreds, of individuals." (*Id.* ¶ 27.)

14. Solely for purposes of removal, and without conceding that Plaintiff or any putative class member is entitled to any relief whatsoever, MHS estimates that, between May 10, 2019, and June 10, 2024, its timekeeping and payroll system reflected information for at least 483 individuals. (*See* **Exhibit E**, Decl. of A. Conrad ¶¶ 5-6.)

**Minimal Diversity Of Citizenship**

15. Minimal diversity of citizenship exists among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. For purposes of determining diversity, an individual is a "citizen" of the state in which he is domiciled. *See Page v. Democratic Nat'l Comm.*, 2 F. 4th 630, 634 (7th Cir. 2021) ("[I]t has long been established that natural persons are typically a citizen of the state in which they reside or – to be more precise – are 'domiciled.'").

17. Plaintiff, as described in the Complaint, "is a citizen of Illinois and a resident of Cook County." (Ex. A, Compl. ¶ 4.)

18. As for MHS, "normally the citizenship of any entity other than a corporation depends on the citizenship of its partners and members." *City of East St. Louis, Illinois v. Netflix,*

*Inc.*, 83 F. 4th 1066, 1071 (7th Cir. 2023). However, the Seventh Circuit recently held that the citizenship requirement set forth by CAFA involves a different analysis. *Id.* The Seventh Circuit now requires courts to base the citizenship of "unincorporated association[s]," including limited liability companies, for purposes of CAFA jurisdiction on the "one citizenship of the state of its principal place of business, another for the state of its organization, and [to ignore] the investors' citizenship." *Id.* (citing 28 U.S.C. §1332(d)(10)). In other words, the Seventh Circuit holds that, under CAFA, the analysis for limited liability companies is the same as a corporation.

19. Here, Plaintiff alleges that "[MHS] is a Delaware limited liability company headquartered at 7750 Wisconsin Ave., Bethesda, Maryland." (Ex. A, Compl. ¶ 5.) Put differently, Plaintiff alleges that MHS is organized in Delaware and that MHS's principal place of business is in Maryland. (*Id.*) For purposes of CAFA, therefore, MHS is a citizen of Delaware and Maryland. *Netflix, Inc.*, 83 F. 4th at 1071; (**Exhibit F**, Decl. of A. Wright ¶ 3.)

20. Thus, minimal diversity exists between Plaintiff, a citizen of Illinois, and MHS, a citizen of Delaware and Maryland. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (finding minimal diversity under CAFA when the class representative was an Illinois citizen and the defendant was a Delaware corporation with its principal place of business in Arizona).

**Amount In Controversy**[1]

21. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class

---

[1] MHS includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. MHS also does not concede that Plaintiff's putative class is subject to certification.

members shall be aggregated." 28 U.S.C. § 1332(d)(6).

22. To demonstrate that the amount-in-controversy requirement is met, MHS need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Bloomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014) (a defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

23. For purposes of estimating the amount in controversy, a defendant is entitled to rely on plaintiff's allegations to establish the jurisdictional threshold. *See, e.g.*, *Schutte v. Ciox Health, LLC*, 28 F. 4th 850, 854 (7th Cir. 2022) ("To satisfy the amount-in-controversy requirement, a removing defendant may rely on the complaint's allegations, the plaintiff's informal estimates, affidavits from employees or experts, or other sources.").

24. MHS denies Plaintiff's claims and denies that Plaintiff or any putative class members are entitled to any monetary or other relief whatsoever. Solely for purposes of CAFA jurisdiction, however, Plaintiff's allegations show that the amount in controversy easily exceeds $5,000,000.

25. Plaintiff alleges that MHS "requires its hourly workers, including Plaintiff, to clock in and out of shifts and breaks with a fingerprint scanner owned and operated by Defendant." (Ex. A, Compl. ¶ 10.) Plaintiff alleges that "the fingerprint scanner is connected to Defendant's timekeeping and payroll system" and that, with each subsequent fingerprint scan, it "compares the reference templates . . . to identify the worker scanning in and associate the appropriate timekeeping information." (*Id.* ¶¶ 11-13.)

26. Plaintiff claims that, "[b]y converting Plaintiff's and the Class's fingerprints to reference templates and using those reference templates to identify Plaintiff and the Class members, Defendant captured, collected, and obtained Plaintiff's and the Class's biometric information" in supposed violation of 740 ILCS 14/15(b). (*Id.* ¶ 41.) Plaintiff seeks, among other things, damages for the alleged "intentional or reckless" conduct in amount of "$5,000 in damages per violation" and "1,000 per violation" for "conduct [that] does not rise to that standard." (*Id.*, pp. 8-9.)

27. Plaintiff alleges that he "clocked in and out of shifts and breaks" using the fingerprint scanner and, thus, used a fingerprint scanner at least four times per shift (*i.e.*, one punch to clock in, one to clock out for a break, one to clock in from a break, and one punch to clock out for the day).

28. During the period May 10, 2019, through June 10, 2024, Plaintiff clocked in or out of a shift at least 2,869 times. (*See* Ex. E, Decl. ¶ 6.) Because Plaintiff claims $5,000 per alleged scan, Plaintiff's claims alone put more than $14,345,000 in controversy ($5,000 x 2,869 = $14,345,000). Thus, Plaintiff meets CAFA's jurisdictional threshold through his claims alone.

29. Plaintiff purports to bring this action on behalf of all "[a]ll individuals identified in Defendant's [timekeeping and payroll system]" and alleges that his "claims are typical" of the claims of the proposed class members such that "Plaintiff used the [timekeeping and payroll system] in the same fashion as the Class members . . . and Defendant's conduct has resulted in identical injuries to Plaintiff and the other Class members." (Ex. A, Compl. ¶¶ 11, 25, 28.)

30. Plaintiff alleges that "the Class contains scores, if not hundreds, of individuals" such that "joinder of all members is impracticable." (*Id.* ¶ 27.) Assuming Plaintiff's allegations without admitting and expressly denying the same, even if Plaintiff seeks $1,000 per violation, and

the putative class contains one other person, Plaintiff's claims put more than $5,738,000 in controversy ($1,000 x 2,869 x 2 = $5,738,000).

31. Solely for purposes of removal, and without conceding that Plaintiff or any putative class member is entitled to any relief whatsoever, MHS estimates that, between May 10, 2019, and June 10, 2024, its timekeeping and payroll system reflected information for at least 483 individuals. (*See* Ex. E, Decl. ¶ 5.) Thus, according to Plaintiff's allegations, which Defendant denies, his claims put more than $286,900,000 in controversy. ($1,000 x 2,869 x 100 = $286,900,000).

32. Thus, removal is appropriate. *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

33. This Court also has subject matter jurisdiction under 28 U.S.C. §1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

### Complete Diversity Of Citizenship

34. Complete diversity (*i.e.*, where no plaintiff is a citizen of the same state as any defendant) exists where an action is between "citizens of different States." 28 U.S.C. § 1332(a).

35. Under the traditional diversity analysis, courts hold that a "limited liability company [is a] . . . citizen of the states where its owning members are citizens." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F. 4th 560, 565 (7th Cir. 2021).

36. Here, MHS's "sole member is Marriott International, Inc., a Delaware corporation headquartered in Maryland." (Ex. A, Compl. ¶ 5.) A "corporation is deemed a citizen of the State

in which it was incorporated and of the State where it has its principal place of business." *CCC Info. Serv. Inc. v. Am. Salvage Pool Ass'n*, 230 F. 3d 342, 346 (7th Cir. 2000); 28 U.S.C. § 1332(c)(1) (holding that a corporation is a "citizen of every State . . . by which it has been incorporated [in] and of the State . . . where it has its principal place of business").

37. Therefore, this analysis leads to the same result as the CAFA analysis. Marriott International, Inc. is a citizen of Delaware and Maryland. (Ex. A, Compl. ¶ 5.; *see also* Ex. F, ¶ 3.) Accordingly, MHS is a citizen of Delaware and Maryland as well. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the complaint's filing).

## Amount In Controversy

38. Based on the Complaint's allegations, the amount in controversy exceeds $75,000. When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03-CV-6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

39. As stated above, as alleged, Plaintiff seeks at least $2,869,000 or $14,345,000, depending on whether he asserts intentional or reckless violations. (Ex. A. Compl., pp. 8-9.) As a result, Plaintiff's claims far exceed the jurisdictional threshold for diversity jurisdiction.

## NOTIFICATIONS

40. MHS will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

41. MHS will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

42. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and MHS reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

43. MHS reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations, or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

| | |
|---|---|
| **Dated: June 18, 2024** | Respectfully submitted, |
| | MARRIOTT HOTEL SERVICES, LLC |
| | By: /s/ *Gerald L. Maatman, Jr.* |

Gerald L. Maatman, Jr.
Jennifer A. Riley
Ryan T. Garippo
DUANE MORRIS LLP
190 South La Salle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: gmaatman@duanemorris.com
Email: jariley@duanemorris.com
Email: rgarippo@duanemorris.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that a copy of the foregoing document was electronically filed on the Court's CM/ECF system, and I had a copy of the foregoing document served, by e-mail, on June 18, 2024, upon:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, Illinois 60622
Telephone: (773) 694-4669
Facsimile: (773) 694-4691
Email: nick@nicklarry.law

*/s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603
Telephone: (312) 499-6700
Facsimile: (312) 499-6701
Email: gmaatman@duanemorris.com

***Attorney for Defendant***